Date signed May 18, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MICHAEL C. BOUYEA | : | Case No. 09-27953PM |
| | : | Chapter 13 |
|       Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| MICHAEL C. BOUYEA | : | |
|       Plaintiff | : | |
|   vs. | : | Adversary No. 09-0739PM |
| SOCIAL SECURITY ADMINISTRATION | : | |
|       Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

      This Adversary Proceeding came before the court on a Motion to Dismiss the Complaint as Moot filed by the Defendant Social Security Administration (sometimes hereinafter "SSA" or "the Agency"). The Complaint is filed in three counts. Count I charges the Social Security Administration with violation of the automatic stay of 11 U.S.C. § 362(a)(3) in continuing garnishments of the Debtor after receiving notice of the filing of this bankruptcy case. Count II seeks return of the garnished wages. Count III seeks attorneys' fees and costs. Plaintiff seeks actual damages, "statutory damages," punitive damages, reasonable legal fees and expenses, and the return of the funds garnished by the Defendant following the filing of this bankruptcy case. Defendant argues that this matter is moot in that it issued a refund and that Plaintiff cashed the refund check on or about January 14, 2010.

      Debtor scheduled the Social Security Administration, at P.O. Box 4400, Jamaica, New York, 11431, as the holder of a consumer debt in the sum of $30,911.00. The claim of the SSA

was in fact one for overpayment of benefits and clearly was not a consumer debt as that term is defined by Section 101(8) of the Bankruptcy Code. As a result of the manner in which Debtor scheduled this creditor, notice of the filing of the case was sent solely to an outlying office of the SSA in clear contravention of the requirements of Federal Rule of Bankruptcy Procedure 2002(j)(4), which provides that "if the papers in the case disclose a debt to the United States other than for taxes, [copies must be mailed] to the United States Attorney for the district in which the case is pending and to the department, agency, or instrumentality of the United States through which the debtor became indebted . . . ." The United States Attorney for the District of Maryland did not receive a copy of the notice of the filing Debtor's bankruptcy case. And, with respect to providing notice to the SSA, at a minimum, the Notice should have been sent to the Agency's national headquarters at 6401 Security Boulevard, Baltimore, Maryland, 21235-0001.

The mailing of the Notice of a Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines to an outlying SSA office was almost certain to fall on fallow ground with regard to this agency that receives millions of pieces of correspondence every year. As pointed out in the case of *In re Mausser*, 225 B.R. 667, 670 (BC N.D. Iowa 1998):

> Rule 2002(j) is designed to provide notice to large governmental agencies to insure a timely response before the expiration of deadlines. The failure to provide this notice to a local office with the authority to respond almost guarantees the agency's failure to make timely filings. [Debtor's] failure to include the U.S. Attorney's office for this district on the matrix and the U.S. Attorney's resultant lack of notice under Rule 2002 of the pending bankruptcy case and the § 341 creditors' meeting, render the notice defective.

The impact of Debtor's failure to comply with Rule 2002(j)(4) is clear in that it was proper service upon the Attorney General, the United States Attorney for the District of Maryland and the Commissioner of Social Security at the Security Boulevard address on November 4, 2009, of the summons issued in this adversary proceeding, in accordance with Federal Rule of Bankruptcy Procedure 7004(b)(5), that galvanized the Defendant into action to cease the garnishment and to refund the money seized post-filing.

On the other hand, contrary to its statement in its Motion to Dismiss, SSA does not appear to have filed a statement designating its mailing address for notices, such as the notice of

the filing of the bankruptcy case, pursuant to Federal Rule of Bankruptcy Procedure 5003(e).[1] SSA's address for noticing therefore is not listed on the roster of public agencies posted on this court's web site. Notwithstanding this omission on the part of SSA, however, the court finds that the failure of the SSA to receive proper notice can be laid at the doorstep of the Debtor. While the court will deny the Motion to Dismiss inasmuch as it finds that the Complaint states a cause of action, it is unlikely that after trial there will be any substantial award of damages. The garnishment of Debtor's funds after he filed for bankruptcy is a self-inflicted wound that resulted from his failure to give appropriate notice to the SSA. It is noted in the case of *In re Miller*, 16 F.3d 240, 243 (CA8 1994), that compliance with Rule 2002(j)(4) ensures that, when the United States is acting in the capacity of a non-tax creditor, it receives the required notice. As the *Miller* court adds at footnote 3, "[t]o hold otherwise would permit a debtor to send notice to the agency address least likely to provide adequate notice, rather than the address most convenient to and requested by the agency." *Id*. Similarly, Debtor has a duty as well to properly list and schedule SSA and the office of the United States Attorney on the master mailing matrix. The failure to do so leads to the conclusion that the SSA was not properly listed and scheduled within the meaning of Section 523(a)(3) of the Bankruptcy Code and that this error might allow the filing of dischargeability complaints after the normal bar date established by Bankruptcy Rule 4007(b).

       Finally, the court notes that should he prevail after a trial, Debtor has no entitlement to punitive damages. 28 U.S.C. § 2674; *Commerce Fed. Savings Bank v. Federal Deposit Corp.*, 872 F.2d 1240, 1248 (CA6 1989). An appropriate order will be entered.

cc:
Laura J. Margulies/Seth W. Diamond, Esq., 6205 Executive Blvd, Rockville, MD 20852
Alex S. Gordon, Esq., Asst. U.S. Attorney, 36 South Charles Street, Baltimore, Md 21201

**End of Memorandum**

---

[1]. However, as explained in 9 COLLIER ON BANKRUPTCY ¶ 5003.06[1] (Alan N. Resnick & Henry J. Sommer eds.15th ed. rev.), giving notice under Rule 2002(j)(4) to offices or agencies of the United States is not an alternative to service of process under Rule 7004.